## BALTIMORE CITY COURT

Filed June 27, 1899.

STATE OF MARYLAND, EX REL.
PATSIE LANCASTER,

VS.

WILLIAM R. HALL, WARDEN OF
THE CITY JAIL.

*Geo. M. Lane* and *D. D. Dickson* for petitioner.
*Geo. W. Cameron* for State.

DOBLER, J.—

In the year 1835 it was represented to the General Assembly "that it would be a saving of much expense to the city as well as afford relief to persons charged with the commission of small offences, and also to witnesses, who are mostly of the poorer class of the community, if said persons so charged had the option of having their cases promptly decided without the delay and expense attendant upon the present mode of preparing them for trial." From that year, Act of 1835, Chapter 75, until the passage of the Act of 1890, Chapter 369, persons charged with assault and battery in Baltimore City were triable formerly in the Baltimore

City Court, afterwards in the Criminal Court on the Saturday following arrest, without a jury, if the accused thought proper to waive the right to a trial by jury. By the Act of 1890, Chapter 369, and 1894, Chapter 281, jurisdiction has been conferred upon each justice of the peace selected to sit at any station house in the city to hear, try and determine, after the ordinary preliminary inquiry into the probable guilt of the accused, the cases of all persons brought before him charged with assault, or with assault and battery, and other minor offences. It is declared to be the "duty of the justice of the peace to inform the party or parties so charged of his, her or their respective right to a jury trial, and if a jury trial be so prayed, or if the State's Attorney for the city shall, before trial, pray a jury trial on the part of the State, the justice shall forthwith commit or hold the party to bail for trial in the Criminal Court."

It has been uniformly held in this city, that requiring the justice of the peace to inform the accused of his right to a jury trial is tantamount to a tender of an unfettered right to such trial, every constitutional right which he can claim being thereby fully provided for. The opportunity to have his case disposed of more speedily, with less delay and inconvenience than the course of the common law necessarily involves, is not, under the circumstances, an impairment of his constitutional rights, but an additional provision of law looking to the amelioration of the condition of the citizen accused of an offence not felonious nor infamous, the gravity of which (for simple assaults and assaults and batteries range from those comparatively trivial to those which are quite serious) he himself must know. In a case whose consequences involves only fine and imprisonment (not in penitentiary), no infamy, no disfranchisement, no civil or political disabilities, it is within the lawful power of the accused to determine for himself either to embrace or to waive his right to a jury trial, after he has elected to be tried in a summary manner before the justice, he may rightfully be bound by the determination of the tribunal created by the Legislature for his benefit in addition, though subject, to the mode of trial guaranteed him by the Declaration of Rights.

The petitioner in this case, having been duly informed by the justice of her rights to have a trial by jury and having declared that she wished to waive her said right, was convicted by the justice of the charge of assault and battery. The commitment in execution of the sentence of the justice, being regular in form, she must be remanded to the custody of the respondent.